UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN MOSLEY; STEVEN TUCKER; GRAYSON YOUNG; KURT STRANGE; and GLENN JIMENEZ,** individually and on behalf of those similarly situated. | * CIVIL ACTION NO.   23-cv-2674 <br> * <br> * SECTION: <br> * <br> * <br> * |
| *Plaintiffs*, | * COLLECTIVE ACTION <br> * **29 U.S.C. § 216(b)** |
| vs. | * <br> * |
| **BRISTOW U.S., LLC** and **BRISTOW HOLDINGS U.S., INC.** <br> *Defendants*. | * **JURY TRIAL DEMANDED** <br> * <br> * <br> * |

# COMPLAINT

Plaintiffs, Benjamin Mosley, Steven Tucker, Grayson Young, Kurt Strange, and Glenn Jimenez, on their own behalf and on behalf of those similarly situated, allege as follows:

### NATURE OF THE CASE

1. Plaintiffs are all present or former employees of Bristow Defendants who seek redress on their own behalf and on behalf of all others similarly situated for Defendants' violations of its employees' rights under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs bring this collective action on behalf of a class of dozens of similarly situated workers currently or previously employed by Bristow Defendants, who have not received the overtime to which they are entitled under the FLSA.

3. Plaintiffs seek restitution of unpaid wages, an award of damages, attorneys' fees, costs, and declaratory relief to make them and similarly situated current and former employees of

Bristow Defendants whole for the damages they have suffered due to Defendants' unlawful pay practices and violations of law.

## I. JURISDICTION AND VENUE

4. This action alleges the violation of rights under the Fair Labor Standards Act (hereafter "FLSA"), 29 U.S.C. § 216(b). Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331.

5. The Court has personal jurisdiction over Defendants since they regularly conduct business in the Eastern District of Louisiana, and therefore have minimum contacts with the State of Louisiana. Alternatively, the events or omissions giving rise to the instant lawsuit occurred within Louisiana. Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b)(l) and (b)(2).

## II. PARTIES

6. Plaintiff Mosley is of the age of majority and domiciled in the Eastern District of Louisiana in Houma, Louisiana. Plaintiff Tucker is of the age of majority and domiciled in Mobile, Alabama. Plaintiff Young is of the age of majority and domiciled in Jacksonville, Florida. Plaintiff Strange is of the age of majority and domiciled in Longbeach, Mississippi. Plaintiff Jimenez is of the age of majority and domiciled in Jacksonville, Florida.

7. Made Defendant herein, Bristow U.S., LLC, is a Louisiana limited liability company with its domicile address at 4605 Industrial Dr., New Iberia, LA 70560 and can be served through its Registered Agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

8. Made Defendant herein, Bristow Holdings U.S., Inc. (formerly Bristow Group, Inc.), is a foreign corporation domiciled in the State of Delaware, with a principal business office

at 3151 Briarpark Dr., Suite 700, Houston, TX 77042, a principal business address in Louisiana at 4605 Industrial Dr., New Iberia, LA 70560 and can be served through its Registered Office in Louisiana at 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

9. Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant to include Defendants collectively, and that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees. Any allegation by less than all Plaintiffs and/or allegations against less than all Defendants are noted as such.

10. At all relevant times Defendants have been an enterprise with annual gross sales made or business done in the amount of $500,000 or more pursuant to 29 U.S.C. § 203. Defendants' annual gross volume of sales made or business done has exceeded $500,000 for each year during the relevant time period.

11. Defendants are joint employers as defined under the FLSA and carry out a common business purpose and exercise unified operation and common control. See 29 C.F.R. § 791 *et seq*.

### III.   FACTUAL BACKGROUND

12. Plaintiffs Mosley, Tucker, and Young are/were "tech crew" employees, and Plaintiffs Jimenez and Strange pilots, for Defendants' helicopter company performing operations on the Louisiana coast from Defendants' Louisiana business location in Galliano, LA.

13. Plaintiff Mosley was hired on around February 5, 2018 and is still employed. Plaintiff Tucker was hired on April 9, 2018 and is still employed. Plaintiff Strange was hired in October of 2019 and is still employed. Plaintiff Young was hired in August of 2019 and his

employment was abruptly terminated on May 23, 2023 by Defendants, through their representative Aaron Pounds, who aggressively approached and berated Plaintiff Young upon his return to Defendants' Galliano base after a flight. Plaintiff Jimenez was employed by Defendants for several years (and their predecessors at the operation in Galliano, LA spanning over a decade) and was abruptly terminated on June 26, 2023 by Defendants.

14. Plaintiffs, along with other similarly situated individuals, were employed primarily to perform manual labor for Defendants. These duties included hoist operations, rescue swimming, piloting helicopters, "AMT's" (helicopter technicians), rescue missions, and training missions.

15. Plaintiffs, along with other similarly situated individuals in the tech crew, AMTs, and pilots, were required to work at least twelve hours per day for fourteen straight days – totaling a minimum of 84 hours per week.

16. However, Plaintiffs and those similarly situated would be directed to only clock in for 11.43 hours per day, even though they worked twelve hours per day, and oftentimes longer depending on Defendants' needs. Plaintiffs' requests for an explanation as to why they would need to log in less hours than they actually were required to work were never responded to.

17. Further, after working a minimum of 168 hours over a two week period, 84 hours per week, Plaintiffs and those similarly situated would receive a bi-weekly paycheck reflecting only 80 hours, 88 hours less than they actually worked, and including no overtime for the 44 plus hours of overtime worked in those weeks.

18. Plaintiffs and those similarly situated under the same unlawful pay policies were non-exempt employees under the FLSA and were never paid an overtime rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per week.

4

19. Plaintiffs are aware of dozens of other current and former non-exempt employees of Defendants who also worked under the same unlawful pay scheme without receiving overtime pay.

20. Plaintiffs and those similarly situated routinely requested explanation on Defendants' instituted pay schemes and were often not responded to, or simply informed that the pay scheme was "company policy" without further explanation. Defendants' conduct evidences Defendants' willful violations of the FLSA which were not in good faith.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs hereby re-allege and reincorporate all paragraphs set forth above.

22. Defendants' decision in refusing to pay overtime for the 44 hours worked over forty in workweeks by Plaintiffs and those similarly situated is a standard *modus operandi* for Defendants, i.e. the company policy and practice.

23. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees, including tech crew, pilots, and AMTs, who worked for Bristow Defendants on a typical schedule of 12 hours or more per day for 14 days, within three years prior to the date of filing this lawsuit, and who were not paid overtime wages for hours worked over forty in a workweek.

24. Defendants operate with a purposeful common practice, policy, or plan to deny their employees their lawfully earned wages.

25. Plaintiffs are similarly situated to the remaining members of the Putative Class who worked the same number of hours without receiving overtime.

26. Plaintiffs request that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

27. Plaintiffs respectfully request the Court issue a tolling order as to the asserted FLSA rights of the Putative Class identified herein so that the Parties may carry out the Fifth Circuit's directives in *Swales v. KLLM Transp. Servs., L.L.C.* requiring "preliminary discovery" for the Court's determination of notification to Putative Class Members. Tolling is necessary so as not to flout the statutory construct, intent, and public policy of the FLSA and to not prejudice the rights of those Putative Class Members due to the mandatory procedural delays by way of discovery and merit findings required under *Swales*.[1]

28. Although Defendants' unlawful pay policies as applied to Plaintiffs and those similarly situated in straightforward and likely not worthy of extensive preliminary discovery and fact-finding, in an abundance of caution, Plaintiffs also respectfully request expedited discovery on issues necessary for the Court to make its required findings under *Swales*.

**FAILURE TO PAY OVERTIME WAGES (29 U.S.C. § 207)**

29. Plaintiffs hereby re-allege and reincorporate all paragraphs set forth above.

30. The FLSA requires that employers pay employees at a rate not less than one and one-half times the regular rate at which he is employed for all hours worked beyond forty hours in a workweek. 29 U.S.C. § 207.

31. Plaintiffs and all Putative Class members were non-exempt employees of Defendants and were owed one and one-half times the regular rate for all hours worked over forty in a workweek.

---

[1] 985 F.3d 430, 441 (5th Cir. 2021).

32. Defendants operate with a purposeful and intentional practice of refusing to pay overtime wages to employees.

33. Defendants' nonpayment of overtime was and is knowing, willful, reckless, and not based in a good faith belief that their conduct was in accordance with the law.

34. Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

35. As a result of the actions of Defendants, Plaintiffs and the members of the collective have suffered the following damages, and/or are entitled to the following relief:

**WHEREFORE**, Plaintiffs respectfully pray for judgment as follows:

a. That this case be allowed to proceed as a collective action;

b. For an award of all unpaid wages and overtime;

c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

d. For an award of reasonable attorney's fees and costs of suit;

e. All compensatory and punitive damages as called for in the FLSA;

f. For injunctive or equitable relief as provided by law;

g. For pre and post-judgment interest to the extent provided by law; and

h. For such other and further relief as may be just and proper.

Respectfully Submitted:

_____
**Kenneth C. Bordes (Bar #35668)**
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
4224 CANAL ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM

&

Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite #104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

*Attorneys for Plaintiffs*