UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BENJAMIN MOSLEY, ET AL. | CIVIL ACTION |
| VERSUS | NO: 23-2674 |
| BRISTOW U.S., LLC and BRISTOW HOLDINGS U.S., INC. | SECTION: "A" (4) |

### ORDER AND REASONS

The following motions are before the Court: **Motion for Equitable Tolling, or in the Alternative, Expedited Discovery (Rec. Doc. 12)** filed by the named plaintiffs, on behalf of themselves and those similarly situated; **Motion to Dismiss, and/or Motion for Summary Judgment (Rec. Doc. 20)** filed by the defendants, Bristow U.S., LLC and Bristow Holdings U.S., Inc. (hereinafter collectively "Bristow" or "Defendants"). Both motions are opposed. The motions, submitted for consideration on September 13, 2023, are before the Court on the briefs without oral argument.

Also pending is Bristow's **Motion for Leave to File a Supplemental Reply (Rec. Doc. 29)**.

**I.  Background**

Plaintiffs Benjamin Mosley, Steven Tucker, Grayson Young, Kurt Strange, and Glenn Jiminez have brought this action on behalf of themselves and all other similarly situated employees of Bristow (current and former) alleging that they were denied overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

Bristow provides helicopter-based transportation to both private and governmental entities who seek services for, but not limited to, the oil and gas energy sector, search and rescue operations, and medical evacuations. (Rec. Doc. 20-4, Glynn declaration ¶ 3). According to the Complaint, Mosley, Tucker, and Young were "tech crew" employees for Bristow, and Strange and Jiminez were helicopter pilots for Bristow, performing operations on the Louisiana coast from Bristow's Louisiana business location in Galliano, Louisiana.[1] (Rec. Doc. 1, Complaint ¶ 12). Plaintiffs allege that they, along with other similarly situated individuals, were employed primarily to perform manual labor for Bristow. These duties included hoist operations, rescue swimming, piloting helicopters, "AMT's" (helicopter technicians), rescue missions, and training missions. (*Id.* ¶ 14).

Plaintiffs allege that they, along with other similarly situated individuals in the tech crew, AMTs, and pilots, were required to work at least twelve hours per day for fourteen straight days—totaling a minimum of 84 hours per week. (*Id.* ¶ 15). However, Plaintiffs and those similarly situated would be directed to only clock in for 11.43 hours per day, even though they worked twelve hours per day, and oftentimes longer depending on Defendants' needs. Plaintiffs' requests for an explanation as to why they would need to log in less hours than they actually were required to work were never responded to. (*Id.* ¶ 16). Further, after working a minimum of 168 hours over a two week period, 84 hours

---

[1] For simplicity, the Court refers to the employment status of all plaintiffs in the past tense notwithstanding that some of the plaintiffs continue to be employed by Bristow. The former/current distinction is not material to any issue currently before the Court.

per week, Plaintiffs and those similarly situated would receive a bi-weekly paycheck reflecting only 80 hours, 88 hours less than they actually worked, and including no overtime for the 44 plus hours of overtime worked in those weeks. ( Complaint ¶ 17).

Plaintiffs allege that they and those similarly situated under the same unlawful pay policies were non-exempt employees under the FLSA and were never paid an overtime rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per week. (*Id.* ¶ 18). Plaintiffs allege that Bristow's violations of the FLSA were willful and not in good faith. (*Id.* ¶ 20).

Based on the foregoing allegations, Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees, including tech crew, pilots, and AMTs, who worked for Bristow on a typical schedule of 12 hours or more per day for 14 days, within three years prior to the date of filing this lawsuit, and who were not paid overtime wages for hours worked over forty in a workweek. (*Id.* ¶ 23). Plaintiffs seek a litany of damages and a trial by jury. (*Id.* ¶¶ 34 & 35).

Not unlike many other FLSA cases, this case required intervention by the Court rather quickly following the filing of the Complaint and service on the defendants. Concerned with statute of limitations issues typical of putative FLSA collective actions, Plaintiffs filed an Objection to Extension of Time To Plead (Rec. Doc. 8), which is a not-often-used procedural mechanism to foreclose the customary 21-day pleading extension available to a defendant under Local Rule 7.8 of this district. Bristow then filed a contested motion for an extension of time to answer (requesting two weeks) with a

request for expedited hearing. (Rec. Docs. 10 & 11). Bristow explained that it required the extension to prepare a dispositive motion, which would seek a full dismissal of the complaint based on Title II of the Railway Labor Act, which Bristow contended would exclude the plaintiffs from the overtime protections of the FLSA.

On the same day that Bristow filed its contested motion for an extension of time to answer, Plaintiffs filed their Motion for Equitable Tolling, or in the Alternative, Expedited Discovery (Rec. Doc. 12), in order to protect the rights of the putative class members. Bristow moved to continue the submission date for that motion so that it would not be forced to file its opposition before it filed its dispositive motion. (Rec. Doc. 13). The Court granted Bristow's requested extensions. (Rec. Doc. 16, Order).

Bristow filed its dispositive motion and although Bristow had assured the Court that the dispositive motion would present a clear-cut and straightforward application of an exception to the FLSA's overtime requirements, Bristow's motion relies on evidence outside of the pleadings which is why Bristow's motion is styled as a motion to dismiss and/or motion for summary judgment. Naturally, Plaintiffs have taken exception to the fact that they have had no opportunity to conduct any discovery in this case including with respect to the evidence that Bristow has submitted with its dispositive motion.

The parties' positions are addressed below.

**II.    Discussion**

The Court begins with Bristow's Motion to Dismiss and/or Motion for Summary Judgment because if this motion is granted then the request for either equitable tolling or expedited discovery presented by the plaintiffs' motion becomes a moot point.

Bristow's motion is grounded on the contention that the plaintiffs are exempt from the overtime requirements of the FLSA due to the applicability of Title II of the Railway Labor Act ("RLA"). The FLSA provides for an exemption with respect to any employee of "a carrier by air" subject to the provisions of the RLA. 29 U.S.C. § 213(b)(3). The RLA extends to and covers "every ***common carrier*** by air ***engaged in interstate or foreign commerce*** . . . and every air pilot or other person who performs any work as an employee or subordinate official of such carrier . . . ." 45 U.S.C. § 181 (emphasis added). While it's rather clear that Bristow is a carrier by air—a point that the plaintiffs do not dispute—the dispute arises as to whether Bristow is a *common* carrier, a term that the RLA does not define. And the plaintiffs do not concede the requirement for interstate commerce either. An FLSA exemption constitutes an affirmative defense by the employer so the burden of proving whether the RLA exemption applies, which includes proof of common carrier status and interstate commerce, falls solely upon Bristow. *See Patterson v. O'Bar Wrecker Serv., LLC*, No. 22-51, 2023 WL 5004417, at *5 (N.D. Tex. July 31, 2023) (citing *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 2013)); *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 723 (W.D. Tex. 2010).

Of course the current posture of this case hinders Bristow's ability to meet its burden of proof. Although some affirmative defenses may properly be asserted in a Rule 12(b)(6) motion to dismiss, *Razmzan v. Wal-Mart Stores, Inc.*, No. 16-771, 2017 WL 1551614, at *1 (E.D. Tex. May 1, 2017), the grounds must appear clearly on the face of the pleadings, *Canidae, LLC v. Cooper*, No. 21-19, 2022 WL 660197, at *16 (N.D. Tex.

Feb. 9, 2022) (citing *Estate of Barre v. Carter*, 272 F. Supp. 3d 906, 930 (E.D. La. 2017)). The facts supporting the affirmative defense must be uncontroverted by the parties. *Canidae*, 2022 WL 660197 at *16 (citing *Carter*, 272 F. Supp. 3d at n.218). Most affirmative defenses fail when tested against Rule 12(b)(6) standards. *Id.*

Bristow acknowledges that an affirmative defense cannot typically be the basis for a Rule 12(b)(6) motion to dismiss unless the basis for the affirmative defense is found on the face of the complaint. (Rec. Doc. 20-1, Memorandum in Support at 6 n.5). But Bristow asserts that the applicability of the RLA is present on the face of Plaintiffs' Complaint because it alleges all of the elements necessary to establish the applicability of the RLA. (*Id.*). This is what the Court understood Bristow's position to be when the Court granted the extensions that Bristow requested earlier in the litigation.

But as the Court noted above, what Bristow ultimately filed was a motion for summary judgment that relies on evidence outside of the pleadings that the plaintiffs have never had the opportunity to challenge or question thereby placing them at a severe disadvantage. The Court is persuaded that Bristow did this because it could not prevail on its affirmative defense under Rule 12(b) standards.

The Court agrees with the plaintiffs' contention that it would be unfair to adjudicate Bristow's pre-discovery affirmative defense motion as one for summary judgment under Rule 56. It would also be unfair to allow Bristow to frame the scope of discovery by limiting the plaintiffs to traversing the extraneous evidence that Bristow selected in support of its motion. Therefore, except for the purpose of background information, the Court disregards the extraneous evidence that Bristow has attempted to

interject into the analysis prior to the start of discovery, and limits its consideration solely to the face of the Complaint and the controlling law.[2] Focusing solely on the allegations of the Complaint, the motion to dismiss must be denied. The facts necessary for Bristow to meet its burden of proof as to its affirmative defense are not present on the face of the Complaint and no good faith argument to the contrary can be made.[3]

The Court now turns to the plaintiffs' Motion for Equitable Tolling, or in the Alternative, Expedited Discovery, which is not moot since Bristow's dispositive motion is being denied. The impetus for this motion is that in contrast to a Rule 23 class action, the statute of limitations for an FLSA putative class is not tolled upon the filing of the collective action complaint. *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S. D. Tex. 2010) (citing *LaChapelle v. Owens-Ill.*, Inc.513 F.2d 286, 288-89 (5th Cir. 1975)). In an FLSA collective action each claimant must affirmatively "opt in" to the action in order to toll the statute of limitations for his/her claim. *Id.* (citing FLSA § 16(b)). Ordinary violations of the FLSA are subject to a 2-year statute of limitations whereas willful violation are subject to a 3-year period. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). A cause of action under the FLSA accrues at each regular payday immediately following the work period during which the services were rendered for

---

[2] The Glynn declaration refers to Attachments A, B, and C but there are no attachments included with the declaration.

[3] Bristow's position regarding discovery is simply perplexing. The plaintiffs sought to conduct early discovery and Bristow would not agree to it, which is certainly Bristow's prerogative. But having produced extraneous evidence in support of its dispositive motion, Bristow's hardline opposition to the plaintiffs' reasonable expectation to have the right to traverse that evidence is untenable.

which the overtime compensation is claimed. *Mata v. Caring For You Home Health, Inc.*, 94 F. Supp. 3d 867, 878 (S.D. Tex. 2015) (citing *Halferty v. Pulse Drug Co.,* 821 F.2d 261, 271 (5th Cir.1987)).

Plaintiffs point out the inequity that attaches when a victim of wage violations continues to forever lose earned wages for each day that passes when the statute of limitations is not tolled prior to him/her joining the lawsuit. And of course this is exacerbated by the *Swales v. KLLM Transport Services, LLC* decision, which rejected the oft-used two-step conditional certification method for FLSA collective actions. 985 F.3d 430 (5th Cir. 2021).

The plaintiffs' first choice would be for the Court to order equitable tolling in order to avoid any prejudice to the putative class members' rights until such time as any interested claimants could join the action. Without a tolling agreement or tolling order,[4] the resulting delay will prejudice potential class members and benefit Bristow by draining the putative class members' FLSA rights during the pendency of the motion to dismiss. The plaintiffs make a very appealing and common sense argument—that if Bristow does ultimately prevail on its affirmative defense then Bristow would suffer no prejudice whatsoever from court-imposed equitable tolling. With every day that an employer can successfully delay a ruling on certification, one more day of unpaid overtime prescribes for each unnamed claimant.

The FLSA's statute of limitations is subject to equitable tolling. *Klick v. Cenikor*

---

[4] Thus far Bristow has refused to enter into a voluntary tolling agreement.

*Found.*, 509 F. Supp. 3d 951, 955 (S. D. Tex. 2020) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 394 (1946)). The litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Although the plaintiffs' arguments are legitimate, this case does not satisfy the extraordinary circumstances necessary for the Court to order equitable tolling. As the Court has previously observed, "[w]hile the plaintiffs' concerns are legitimate, they arise out of the interplay between the law in this circuit and a body of statutory law that Congress has thus far been disinclined to modify in order to address the concerns that the plaintiffs have raised." (Rec. Doc. 16, Order at 3). The Court will not issue an order imposing equitable tolling *at this time*.

As an alternative form of relief the plaintiffs have requested expedited discovery since the statute of limitations is continuing to run against the putative class. The Court will grant this request. The Court rejects Bristow's request to limit discovery to its affirmative defense.[5]

Bristow's baseless request for attorney's fees will be denied.

---

[5] Although the Court is not placing any constraints on the scope of discovery, Bristow's suggestion that early discovery should be directed at the application of the RLA is not a bad one. As *Swales* makes clear, the focus of certification is not early notice to potential claimants but rather ensuring that notice only goes to potential claimants who are similarly situated to the named plaintiffs. If Bristow cannot prevail on a properly supported and fairly opposed motion for summary judgment on the application of the RLA, then absent some distinction in the various job categories at issue in this case, a finding of "similarly situated" and therefore certification would seem likely.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss, and/or Motion for Summary Judgment (Rec. Doc. 20)** filed by the defendants, Bristow U.S., LLC and Bristow Holdings U.S., Inc. is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Equitable Tolling, or in the Alternative, Expedited Discovery (Rec. Doc. 12)** filed by the plaintiffs is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as the Court orders that the Rule 26(f) discovery conference shall take place by **Monday, October 23, 2023**. Discovery may begin immediately thereafter. The motion is **DENIED** at this time as to equitable tolling.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File a Supplemental Reply (Rec. Doc. 29)** is **DENIED**.

October 20, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE